## G. T. Taylor & Sons, Appellant, v. Charles M. Correll, Appellee.

APPEALS AND ERRORS—*effect of filing insufficient abstract.* The failure to file an abstract on review conforming to the rules of court, authorizes a *pro forma* affirmance.

Assumpsit. Appeal from the Circuit Court of Crawford county; the Hon. ENOCH E. NEWLIN, Judge, presiding. Heard in this court at the February term, 1909. Affirmed. Opinion filed June 15, 1909.

JONES & MACHATTON and P. G. BRADBURY, for appellant.

EAGLETON & WESNER, for appellee.

MR. PRESIDING JUSTICE MYERS delivered the opinion of the court.

There is no abstract of record on file in this case, such as required by Rule 23 of this court. The document so entitled purports to be a printed transcript of the entire record. We find no statement of the case or brief and argument by appellant as required by Rule 25. The presentation in this manner leaves it to the court to examine the record and, from inspection, to determine what, if any, error was committed by the lower court. The only contention of appellant is, that a certain writing set out contains "a clear and succinct expression of the intention of the parties", without any attempt to indicate or point out in what manner the construction of this writing is brought into controversy, or that there is in the record any controversy about it. For failure of appellant to file abstract, brief and argument the judgment should be affirmed under Rule 27. We have, however, examined the transcript of record and read the amended declaration to which the court sustained a demurrer and rendered judgment against appellant for costs, from which the appeal was taken. The Statute of Frauds as a defense, in an action at law, is properly raised

by plea and not by demurrer, but inasmuch as appellant makes no contention on that ground it is not now to be considered by this court on review of the record. After due consideration of the amended declaration and the grounds set out in the demurrer filed, we are of opinion that demurrer was rightly sustained, and that the judgment of the Circuit Court should be affirmed.

*Affirmed.*